IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    24-CR-113-LJV

JESSICA LEYLAND,

Defendant.

## PLEA AGREEMENT

The defendant, JESSICA LEYLAND, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and to plead guilty to a one-count Information, which charges, a violation of Title 18, United States Code, Section 1513(b)(2) (Retaliation Against a Witness) for which the maximum possible sentence is a term of imprisonment of 20 years and a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release.  As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

a.    That the defendant knowingly engaged in conduct and thereby caused bodily injury to another person; and

b.    The defendant did so with intent to retaliate against any person for information given to law enforcement officers regarding the commission, and possible commission, of Federal offenses.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    In or about July 2019, in the Western District of New York, the defendant, JESSICA LEYLAND, did knowingly engage in conduct which caused bodily injury to Victim 1, a person known to the United States Attorney, and threatened to do so, with the intent to retaliate against Victim 1 for information given by Victim 1 to a law enforcement officer relating to the commission and possible commission of a federal offense, all in violation of Title 18, United States Code, Sections 1513(b)(2).

b.    Specifically, in or about July 2019, the defendant approached, Victim 1, at a bar in Buffalo, New York.  The defendant asked if she could speak with Victim 1.  Victim 1 agreed and then the defendant accused Victim 1 of "talking to the feds" and threatened to "fucking kill" Victim 1.  The defendant then placed Victim 1 in a headlock, causing bodily injury to

2

Victim 1. The defendant ultimately had to be physically separated from Victim 1 by employees at the bar.

c.      The defendant admits that she placed Victim 1 in a headlock in order to retaliate against Victim 1 for giving information to federal law enforcement officers regarding the commission, and possible commission, of federal offenses.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2J1.2(a) apply to the offense of conviction and provide for a base offense level of **14**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense characteristics do apply:

a.      The 8-level increase pursuant to Guidelines § 2J1.2(b)(1)(B) (causing physical injury to a person).

## ADJUSTED OFFENSE LEVEL

8.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **19**.

## CRIMINAL HISTORY CATEGORY

10.      It is the understanding of the government and the defendant that the defendant's criminal history category is **I**.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11.      It is the understanding of the government and the defendant that, with a total offense level of **19** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $250,000**, and a period of supervised release of **1 to 3 years**.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the ~~minimum and~~ maximum penalties set forth in ¶ 1 of this agreement.

4

12.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.    In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

15.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which

is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

16.     The defendant represents that she is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.     GOVERNMENT RIGHTS AND OBLIGATIONS

17.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and,

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.    At sentencing, the government will move to dismiss the complaint pending under Case No. 23-mj-5229 as against the defendant.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **30 to 37 months**, a fine of **$10,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

23.     This plea agreement represents the total agreement between the defendant, JESSICA LEYLAND, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:     _____

LOUIS A. TESTANI
Assistant United States Attorney

Dated:  October 2, 2024

I have read this agreement, which consists of pages 1 through 9.  I have had a full opportunity to discuss this agreement with my attorney, Anthony J. Lana, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____          _____
JESSICA LEYLAND                                         ANTHONY J. LANA, ESQ.
Defendant                                                         Attorney for the Defendant

Dated:  October 2, 2024                             Dated:  October 2, 2024